**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Willie MACKINS, Defendant–Appellee.**

No. 94–5019.

United States Court of Appeals,
Fourth Circuit.

Argued June 10, 1994.

Decided Aug. 17, 1994.

---

**ARGUED:** Thomas Ernest Booth, U.S. Dept. of Justice, Washington, DC, for appellant. Jesse James Waldon, Jr., Charlotte, NC, for appellee. **ON BRIEF:** Jerry W. Miller, U.S. Atty., Kenneth D. Bell, Asst. U.S. Atty., U.S. Dept. of Justice, Washington, DC, for appellant.

Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.

Reversed by published opinion. Judge MURNAGHAN wrote the opinion, in which Judge WILKINS and Judge WILLIAMS joined.

## OPINION

MURNAGHAN, Circuit Judge:

A federal grand jury sitting in the Western District of North Carolina indicted Willie Mackins, appellee, for conspiracy to traffic in heroin and cocaine (Count 1), in violation of 21 U.S.C. § 846; possession with intent to distribute heroin on August 15, 1991 (Count 2); and possession with intent to distribute heroin and cocaine on August 16, 1991 (Count 3), both in violation of 21 U.S.C. § 841(a)(1). At appellee's trial, the jury acquitted him on Counts 1 and 2, but deadlocked on Count 3. The district court entered a judgment of acquittal on Count 3.

### I

The government has appealed, claiming that the district court erred in its judgment of acquittal, and that the appellee can therefore be tried again on Count 3 without violating his right to be free from double jeopardy.

### A. *The Offense Conduct.*

1. *The Conspiracy (Count 1).* Count I alleged that between January 1989 and December 1991, appellee conspired with Michael Blakely and others to traffic in heroin and cocaine in Charlotte, North Carolina. The government's evidence showed that appellee, a bail bondsman, regularly sold Blakely cocaine in kilogram quantities for resale. Some of appellee's sales took place at appellee's residence. Blakely also purchased cocaine for resale from Robert Mack, appellee's brother-in-law. In 1990, on several occasions, appellee sold heroin in ounce quantities to Blakely. Mack also sold heroin to Blakely. In 1992, appellee sold two kilograms of cocaine to Larry Davis for $40,000.

2. *Possession with Intent to Distribute Heroin (Count 2).* Count 2 alleged that on August 15, 1991, appellee possessed heroin with intent to distribute it. The government's evidence showed that in the fall of 1991, law enforcement agents learned that Mack, who had recently been arrested for drug trafficking, had stored some drugs at his residence. On August 15, FBI Agent Erik Blowers, Charlotte Police Department Officer Tom Hazleton, and other agents went to Mack's residence to seize the drugs. Mrs. Mack, appellee's sister, told the agents that she had previously received a package for Robert Mack shortly after his arrest, and that she had given the package to appellee, who lived across the street.

Later that day, the agents met appellee at his home. The agents told appellee that they suspected that he was holding drugs for Mack. Appellee stated that he had been holding a package containing an unknown substance for Mack in his car for several months. The agents searched appellee's car, opened the package, and found about 400 grams of heroin inside. Appellee denied knowing that the substance in the package was heroin. The agents seized the heroin, gave appellee a receipt, and returned to their office.

3. *Possession with Intent to Distribute Heroin (Count 3).* Count 3 alleged that on August 16, 1991, appellee possessed heroin and cocaine with intent to distribute them. On August 15, 1991, after the agents returned to their office, they were told by an informant that appellee had additional heroin in his home. On August 16, the agents met

appellee at his home and told him of their suspicions. Appellee denied having any drugs, and consented to a search of his residence. Appellee told the agents that he had stored some of Mack's personal property in two buildings behind his residence. Inside a garage, appellee withdrew a military ammunition box from behind an exposed beam near the back of the garage and told the agents that it belonged to Mack. Appellee opened the box, which contained approximately 100 grams of heroin, 375 grams of cocaine, baggies, and a razor blade. The agents seized the box and the contraband. Officer Hazleton testified that drugs seized from appellee's car and garage were worth about $1,000,000.

The agents summoned a drug detecting dog team to search appellee's home. Appellee told the agents that he had "a good idea of what was in the box" and that he kept the box in the building because he "ain't going to keep that stuff in my house."

## B. *The Trial Proceedings.*

The government's case against appellee on the conspiracy count consisted of the testimony of appellee's former alleged coconspirators, including Blakely and Davis. The gov-

ernment's case against appellee on the substantive drug counts (Counts 2 and 3) consisted of the testimony of FBI Agent Blowers and Officer Hazleton. At the end of the government's case, appellee moved for a judgment of acquittal, but the district court denied the motion.

Appellee testified that he did not participate in the charged drug conspiracy and that he did not know that there was heroin in his car or drugs in the ammunition box. Appellee explained that he had merely stored some of Mack's personal property for Mack while he was in jail and that he was unaware of the contents of that property. After the defense presented its case, appellee renewed his motion for a judgment of acquittal, but the court denied the motion.

On December 3, 1993, the jury acquitted appellee on Counts 1 and 2, but deadlocked on Count 3. The district court declared a mistrial on Count 3 because of the jury deadlock. At the urging of the district court, appellee moved to dismiss the indictment. The district court stated that Fed.R.Crim. Proc. 29[1] authorized it to enter a directed verdict of not guilty when a jury has failed to reach a verdict, and it was "grant[ing] the

1. Fed.R.Crim.Proc. 29 reads:

**Rule 29. Motion for Judgment of Acquittal**
 **(a) Motion Before Submission to Jury.** Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.
 **(b) Reservation of Decision on Motion.** If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.
 **(c) Motion After Discharge of Jury.** If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed

within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.
 **(d) Same: Conditional Ruling on Grant of Motion.** If a motion for judgment of acquittal after verdict of guilty under this Rule is granted, the court shall also determine whether any motion for a new trial should be granted if the judgment of acquittal is thereafter vacated or reversed, specifying the grounds for such determination. If the motion for a new trial is granted conditionally, the order thereon does not affect the finality of the judgment. If the motion for a new trial has been granted conditionally and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. If such motion has been denied conditionally, the appellee on appeal may assert error in that denial, and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

Rule 29 motion as to Count Three." Asked by the prosecutor to explain its ruling, the Court replied:

> Well, yes, because as to Count One and Count Two, this defendant has been found not guilty. The evidence that is before the Court, which would support a finding of guilty as to Count 3, would likewise be necessary for findings of guilt on Count One and Two. I, therefore, determine that the Government has failed to prove beyond a reasonable doubt this man's guilt on Count 3. I therefore, enter the verdict under Rule 29. As you know at this juncture, the Government has the right to appeal even after the mistrial. So, that is the ruling of the Court at this time.

On December 20, 1993, the district court issued an order explaining its judgment. It stated:

> The uncontradicted evidence, when viewed in the light most favorable to the government, shows that the defendant, Willie Mackins, removed and stored some of the personal belongings of Robert Mack, the defendant's brother-in-law and an individual incarcerated for dealing drugs, from Mr. Mack's apartment. The defendant removed Mr. Mack's belongings at the request of Mr. Mack, and took them to the defendant's residence. The defendant stored an ammo box containing the contraband in the defendant's garage off the ground. The defendant stored Mr. Mack's other belongings in an adjacent storage shed, which, unlike the garage, was waterproof.
>
> The uncontradicted evidence, when viewed in the light most favorable to the government, also shows that the quantity of contraband found exceeded personal use quantities. However, there is no evidence that the defendant made any attempt to negotiate the sale or transfer of the contraband, which he was storing for a protracted period of time.
>
> Further evidence which could have been considered by the jury on all three counts of the indictment would probably not be admissible in a trial solely on count three, a possession with intent to distribute charge, since the defendant was already

found not guilty on the conspiracy count by the jury.

> In summation, when considering the admissible evidence in a light most favorable to the government, on the sole issue of count three, no rational finder of fact could find the defendant guilty of possession with intent to distribute, as charged in count three of the bill of indictment.

## II

■ 18 U.S.C. § 3731 authorizes the government to appeal from a district court's order dismissing an indictment "except that no appeal shall lie where the double jeopardy clause ... prohibits further prosecution." The Double Jeopardy Clause prevents a retrial after an acquittal, and it prevents an appeal from a judgment of acquittal if a successful appeal would require further factual proceedings against the defendant. *See, e.g., Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986); *United States v. Martin Linen Supply Company,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). An acquittal represents a judgment by a jury or a court that the evidence is insufficient to convict. *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978). A defendant is acquitted when:

> the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged. Where the court, before the jury returns a verdict, enters a judgment of acquittal pursuant to Fed. Rule Crim.Proc. 29, appeal will be barred only when "it is plain that the district court ... evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction."

*Id.* at 97, 98 S.Ct. at 2197 (quoting *Martin Linen Supply,* 430 U.S. at 571–72, 97 S.Ct. at 1354–55) (footnote omitted).

■ If the district court issues a judgment of acquittal and the record demonstrates that the court has actually found that the government's evidence was insufficient to convict, the judgment constitutes an acquittal under

the Double Jeopardy Clause which bars a government appeal and a retrial. *See e.g., Smalis,* 476 U.S. at 141–42, 106 S.Ct. at 1746–47 (trial court stated that it "was not satisfied after considering all of the facts together with all reasonable inferences ... that there was sufficient evidence from which it could be concluded that ... the defendants were guilty beyond a reasonable doubt"); *Martin Linen Supply,* 430 U.S. at 572, 97 S.Ct. at 1355 (district court stated that the prosecution was "the weakest [contempt case] that I've ever seen," and that the government failed to prove the charge beyond a reasonable doubt); *Fong Foo v. United States,* 369 U.S. 141, 142, 82 S.Ct. 671,. 671–72, 7 L.Ed.2d 629 (1962) (district court determined, among other things, that the testimony of the government's witnesses was incredible).

■ On the other hand, if a district court issues without precision what it labels as a judgment of acquittal, but the record, as here, shows that the judgment is based on other than the issue of insufficiency of the evidence, the judgment constitutes a dismissal of the indictment, not an acquittal, and the government may appeal from that order under 18 U.S.C. § 3731. *See, e.g., United States v. Council,* 973 F.2d 251, 253–54 (4th Cir.1992) (judgment of acquittal based on government's violation of district court's discovery orders permits retrial).

■ When the district court reviews the sufficiency of the evidence on a charge, it should compare the government's evidence against the elements of the charged offense, but it should not consider the jury's verdict that the evidence was insufficient on another charge. *United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984).

Further, the Supreme Court has held that sufficiency of the evidence review requires the district court to consider *all* of the evidence admitted at trial. In *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d

265 (1988), the Supreme Court held that retrial is not barred where

> a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and concludes that without the inadmissible evidence there was insufficient evidence to support a conviction.

*Id.* at 40, 109 S.Ct. at 290.

■ In the instant case, the entire dispute rests on alternative interpretations of the district court's ruling. The government argues that the district court's order barring a retrial on Count 3 was not an acquittal for purposes of the Double Jeopardy Clause because the district court did not find that the evidence admitted was insufficient. In support of that theory, the government points to the two prior denials of the Rule 29 motions, during one of which the district court specifically stated that the evidence "would support a finding of guilt on Count 3." The government contends that the district court "exclusive[ly] reli[ed] on the jury's acquittals on the other drug counts" in determining whether the evidence was sufficient to convict under Count 3.

In its Order, the district court ruled that the "admissible evidence" was not sufficient to convict, and that the evidence of conspiracy, which "could have been considered by the jury" would "probably not be admissible" at a retrial solely on Count 3 because of appellee's acquittal on the conspiracy count.

The government contends that the district court violated the holding of *Lockhart,* in not basing its decision on all actually introduced evidence—both the evidence pertaining to Count 3 and the evidence pertaining to the other counts, whether or not it would "probably" be inadmissible. Understood that way, the district court's ruling was actually a finding of potential trial error (i.e. the finding that at a future trial evidence would be admitted that would probably not be admissible), not a finding of insufficiency of the evidence.[2]

---

2. We note in passing that the district court appears to have erred on the merits of the acquittal with respect to Count 3. The evidence of the amount of cocaine and heroin charged in Count

3 alone might have entitled the jury to infer possession with an intent to distribute. *See United States v. Morrison,* 991 F.2d 112, 114 (4th Cir.1993); *United States v. Wright,* 991 F.2d

The appellee has argued against the government's interpretation of the judge's ruling. He relies on the district court's statement that "the Government has failed to prove beyond a reasonable doubt this man's guilt on Count 3," and on its written Order, in which the district court wrote that on all "the admissible evidence in a light most favorable to the government, on the sole issue of count three, no rational finder of fact could find the defendant guilty of possession with intent to distribute, as charged in count three of the bill of indictment." The appellee describes the language as to "probable" inadmissibility of evidence as dicta, and notes that the reference was to a possible future trial, not the trial that preceded the ruling.

 Study of the district court's remarks in open court and the written order leads us to conclude that the district court erroneously limited itself to the universe of evidence likely to be admissible in a future trial, rather than to the evidence actually admitted in the preceding trial. A ruling restricted in this manner is not a judgment of acquittal for Double Jeopardy purposes. The appropriate remedy for a government attempt to introduce inadmissible evidence at trial is exclusion or suppression of the evidence, not dismissal of the indictment. *See e.g., United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981); *United States v. Blue,* 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).

Since the district court's ruling in substance did not constitute a judgment of acquittal based on all the evidence introduced at trial, we find that the ruling below was merely a dismissal of the indictment on Count 3. Retrial is therefore not barred by the Double Jeopardy Clause. *See Richardson v. United States,* 468 U.S. 317, 324, 104 S.Ct. 3081, 3085–86, 82 L.Ed.2d 242 (1984) (a retrial following a hung jury does not alone violate the Double Jeopardy Clause).

Accordingly, the judgment of acquittal of Count III is

*REVERSED.*