**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellant,*

v.

EMANUEL GANDARILLA ALVAREZ;
BRUNO MORALES GONZALEZ,
    *Defendants-Appellees.*

No. 02-4684

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-86)

Argued: September 25, 2003

Decided: December 4, 2003

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Niemeyer wrote
the opinion, in which Judge Michael and Judge Motz joined.

---

## COUNSEL

**ARGUED:** John Stuart Bruce, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellant. Rosemary
Godwin, Raleigh, North Carolina, for Appellee Gonzalez; Johnny S.
Gaskins, Raleigh, North Carolina, for Appellee Alvarez. **ON BRIEF:**
Frank D. Whitney, United States Attorney, Raleigh, Anne M. Hayes,
Assistant United States Attorney, North Carolina, for Appellant.

**OPINION**

NIEMEYER, Circuit Judge:

After the jury in the trial of Emanuel Alvarez and Bruno Gonzalez on drug-trafficking charges became deadlocked, the district court declared a mistrial. On the defendants' subsequent motions for judgment of acquittal, made pursuant to Federal Rule of Criminal Procedure 29, the district court entered an order captioned "Judgment of Acquittal," in which it concluded that there was "little likelihood that any jury [would] ever convict either of the defendants on the charges contained in the indictment." The court ordered that the defendants be released from custody.

On the government's appeal from the judgment of acquittal, we conclude that the district court did not base its "Judgment of Acquittal" on the insufficiency of the evidence to establish factual guilt and therefore its "judgment" is not in fact a judgment of acquittal that would bar a new trial under the Double Jeopardy Clause. Accordingly, we vacate the "Judgment of Acquittal" and remand this case for a new trial. For the same reason, we also deny the defendants' motion to dismiss the government's appeal, which was based mainly on the contention that the government may not appeal a judgment of acquittal. *See* 18 U.S.C. § 3731.

I

The government's prosecution of Alvarez and Gonzalez for drug trafficking rested in substantial part on the testimony of Michael Wilkerson, who had himself been arrested for drug trafficking and who had agreed to cooperate with the government. Law enforcement officers planned a sting operation with Wilkerson in which Wilkerson would buy crack cocaine from Alvarez and Gonzalez. Wilkerson testified that Alvarez had sold him crack cocaine at Wilkerson's apartment on about 20 previous occasions and that Gonzalez accompanied Alvarez on about three of those occasions, helping count the money received. As Wilkerson characterized their established practice, Wilkerson would arrange for Alvarez to come to his apartment at 9:00 p.m., and Alvarez would usually come with a friend and sell Wilkerson a quarter of a kilogram of crack cocaine for $7,000.

Following this practice in the planned January 15, 2002 sting trans-action, Wilkerson called Alvarez' cell phone, and Alvarez' wife cal-led back to set up a 9:00 p.m. meeting for Wilkerson to look at "some new films," "the kind you like." Wilkerson stated that "films" was their code word for cocaine. As arranged, Alvarez arrived with Gon-zalez at Wilkerson's apartment about 9:00 p.m. and purportedly sold Wilkerson a quarter kilogram of crack cocaine while in Wilkerson's living room. The police did not witness the transaction, as they were hiding in two bedrooms. But they did hear something being unwrap-ped and either Alvarez or Gonzalez say three times, "good shit." Wilkerson testified that he then told the other two men that he "had the money in the back," whereupon he walked into the room where the police were hiding and handed them the 249 grams of crack cocaine that he said Alvarez had handed him. The police testified at trial that before that meeting, they had carefully searched Wilkerson's apartment to clear it of any guns and cocaine that Wilkerson himself might have had. The police arrested Alvarez and Gonzalez, finding an additional gram of powder cocaine and a gun on Alvarez. In a post-arrest statement, Alvarez admitted that both the cocaine and the gun were his but that this transaction was "the first time he had ever done this."

A grand jury indicted both Alvarez and Gonzalez for conspiracy to traffic in 50 or more grams of crack cocaine and for possession of more than 50 grams of crack cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. In addition, the grand jury indicted Alvarez for carrying a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c).

After a two-and-one-half-day trial in August 2002, the jurors became deadlocked during deliberations and were unable to agree on a unanimous verdict. After giving an *Allen* charge, which did not break the deadlock, the district court declared a mistrial. The next day, August 20, 2002, the defendants filed motions for judgment of acquittal in which they advised the court that they had interviewed some of the jurors and learned that the jury had become deadlocked at 10-2 in favor of acquittal on all charges. The following day, the court received an unsolicited telephone call from the foreperson of the jury, who notified the court that one of the two "holdout jurors" had

admitted talking during the trial to a friend who was a police officer. The officer had advised the juror that "the defendants were guilty since this is the way these things happen." The foreperson also advised the court that this holdout juror "maintained close proximity to the additional member" of the jury who had held out for a guilty verdict. Another juror also confirmed that the foreperson's report was accurate.

In granting the defendants' motions for judgment of acquittal, the district court detailed the jury misconduct and concluded:

> Having considered all of the evidence presented in this two-day trial; having received from several sources that the jury was deadlocked 10-2 for acquittal; having been informed that one of the two persons who were not unanimous for acquittal had discussed the matter with a police officer during the course of trial and/or deliberation; and, concluding that . . . there is little likelihood that any jury will ever convict either of the defendants on the charges contained in the indictment. Therefore, the court hereby grants a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure as to each defendant.

From this order, the government filed this appeal. The defendants filed a motion to dismiss the appeal, contending principally that the government is not entitled to appeal a judgment of acquittal because of the Double Jeopardy Clause of the Fifth Amendment.

II

The government contends that the district court's judgment of acquittal could not justify an acquittal, nor a dismissal, because the district court never evaluated the sufficiency of the government's evidence. It requests that we vacate the judgment of acquittal and remand for a new trial. The defendants argue that the judgment of acquittal ended their jeopardy on the charges and that any new trial would place them in jeopardy for a second time, in violation of the Double Jeopardy Clause.

A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient "to establish factual guilt" on the charges in the indictment. *Smalis v. Pennsylvania*, 476 U.S. 140, 144 (1986); Fed. R. Crim. P. 29(a), (c). And such a judgment of acquittal "terminate[s] the initial jeopardy," *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 308 (1984), so that any further proceeding that would subject the defendant to factfinding on the defendant's guilt or innocence violates the Double Jeopardy Clause of the Fifth Amendment, *Smalis*, 476 U.S. at 145. Moreover, any appeal that could lead to such post-acquittal factfinding would serve no proper purpose and would therefore have to be dismissed. *Id.* at 145-46 ("[T]he Double Jeopardy Clause bars a postacquittal appeal by the prosecution not only when it might result in a second trial, but also if reversal would translate into '"further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged"'" (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 570 (1977) (quoting *United States v. Jenkins*, 420 U.S. 358, 370 (1975))); *United States v. Scott*, 437 U.S. 82, 91 (1978) ("A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal"); *see also* 18 U.S.C. § 3731. However, the principle that a retrial is barred when the judgment is based on the insufficiency of evidence does not require dismissal of the government's appeal from an erroneous conclusion of law unrelated to factual guilt or innocence. *See Scott*, 437 U.S. at 100 n.13; 18 U.S.C. § 3731.

What constitutes a judgment of acquittal may not be determined simply by the form or caption of the court's order. "Rather, we must determine whether the ruling of the judge, *whatever its label*, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Martin Linen*, 430 U.S. at 571 (emphasis added). Indeed, an "appeal will be barred only when 'it is plain that the District Court . . . evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.'" *Scott*, 437 U.S. at 97 (quoting *Martin Linen*, 430 U.S. at 572). We have interpreted this requirement that any ruling on sufficiency of the evidence be "plain" to mean that "if a district court issues with-

out precision what it labels as a judgment of acquittal, but the record
. . . shows that the judgment is based on other than the issue of insuf-
ficiency of the evidence," the judgment is not an acquittal that will bar
the government's appeal and potential new trial under the Double
Jeopardy Clause. *United States v. Mackins*, 32 F.3d 134, 138 (4th Cir.
1994). In *Mackins*, the district court had labeled its order "Judgment
of Acquittal" and had even discussed the evidence, but it had not
focused on the *sufficiency* of the evidence; rather, it had focused on
its admissibility. To review the sufficiency of the evidence, the court
"should [have] compare[d] the government's evidence against the ele-
ments of the charged offense." *Id.*

In this case, as in *Mackins*, the district court labeled its order a
"Judgment of Acquittal." The court also said that it had "considered
all of the evidence." Nonetheless, under *Mackins*, we must determine
whether the district court, in considering the evidence, reviewed it for
sufficiency and made the determination that the government failed to
prove an essential element the offenses with which Alvarez and Gon-
zalez were charged. Upon review of the district court's order, we can-
not so conclude.

In its order, the district court never expressly stated that it under-
took to review the sufficiency of the evidence, never recited the stan-
dard for acquittal — that the evidence was insufficient for any
reasonable jury to return a unanimous verdict of guilty — and never
discussed specific evidence or specific elements of the offenses
charged. Our difficulty in ascertaining the basis for the district court's
order is further heightened by the district court's extended discussion
of irrelevant issues. The court dedicated much of its order to discuss-
ing the possibility of juror misconduct, finally observing that "there
is little likelihood that any jury will ever convict either of the defen-
dants."

Our charge is to determine whether "'it is plain that the District
Court . . . evaluated the Government's evidence and determined that
it was legally insufficient to sustain a conviction.'" *Scott*, 437 U.S. at
97 (quoting *Martin Linen*, 430 U.S. at 572). Because the district
court's order never expressly addressed the sufficiency of the evi-
dence and instead was devoted primarily to an extended discussion of
issues unrelated to whether acquittal was warranted, it is not plain that

the district court evaluated the government's evidence for legal sufficiency. Indeed, the ambiguity of the district court's order becomes especially apparent when the court's order is compared to the court's denial of Alvarez and Gonzalez' first motion for judgment of acquittal, made after presentation of the government's case-in-chief. In denying the first motion, the district court plainly reviewed the evidence as to specific elements and assessed its sufficiency.

Because it is not plain that the district court evaluated the government's evidence for sufficiency, we cannot find that the court in fact issued a judgment of acquittal.

In response to this conclusion, Alvarez and Gonzalez argue that the district court corrected any deficiency in its judgment of acquittal by recharacterizing the judgment in a later order that denied the government's motion for detention of the defendants. In the detention order, the district court characterized its earlier judgment of acquittal as holding that "there was insufficient evidence for any reasonable jury to return a unanimous verdict of guilty." If that, in fact, had been the basis for the district court's judgment of acquittal, we would agree with the defendants that this appeal would be barred. But the district court's post-hoc characterization of its earlier order did not change — nor did it purport to change — the nature of its earlier entered "judgment of acquittal." The detention order simply amounted to a later characterization of the court's judgment of acquittal.

Because we conclude that the district court's judgment of acquittal was not in fact an acquittal, we vacate that judgment and remand this case to the district court for a new trial. For the same reason, we deny Alvarez and Gonzalez' motion to dismiss this appeal based on the judgment of acquittal. And to the extent that their motion is based on the ground that the government failed to assemble and forward the record on appeal in a timely manner, as required by Federal Rule of Appellate Procedure 11(a), we find the argument to be without merit.

*VACATED AND REMANDED*