PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KENNETH CHATONE MANOKEY,
*Petitioner-Appellee,*

v.

LLOYD L. WATERS, Warden of the
Maryland Correctional Institution; J.
JOSEPH CURRAN, JR., The Attorney
General of the State of Maryland,
*Respondents-Appellants.*

No. 03-6932

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-02-1040-CCB)

Argued: May 4, 2004

Decided: December 2, 2004

Before WILLIAMS and TRAXLER, Circuit Judges, and
Pasco M. BOWMAN, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

---

Reversed by published opinion. Senior Judge Bowman wrote the
opinion, in which Judge Traxler joined. Judge Williams wrote a sepa-
rate opinion concurring in part and concurring in the judgment.

---

## COUNSEL

**ARGUED:** Mary Ann Rapp Ince, Assistant Attorney General,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Balti-

more, Maryland, for Appellants. Justin Sanjeeve Antonipillai, ARNOLD & PORTER, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore, Maryland, for Appellants. Robyn M. Holtzman, Susan L. Lyndrup, Geoffrey J. Michael, Kathryn E. Taylor, ARNOLD & PORTER, L.L.P., Washington, D.C., for Appellee.

---

**OPINION**

BOWMAN, Senior Circuit Judge:

The State of Maryland appeals an order of the district court granting habeas relief on a double-jeopardy ground to Kenneth Chatone Manokey under 28 U.S.C. § 2254(d). We reverse.

In 1998, Manokey went to trial in state court on various charges relating to the stabbing of his former girlfriend, Phyllis Smith. The charges included first-degree assault, second-degree assault, wearing and carrying a dangerous weapon with intent to injure, and reckless endangerment. At the end of the trial, Manokey moved for a judgment of acquittal on all the charges. Pursuant to that motion, the trial judge dismissed the weapon count and the reckless-endangerment count, and the case was submitted to the jury on the first-degree-assault and second-degree-assault charges. The jury found Manokey guilty of first-degree assault and did not return a verdict on the second-degree-assault charge. Manokey was sentenced to a twenty-five-year prison term on the conviction for first-degree assault.

Manokey appealed, raising a single issue: whether the evidence was sufficient to support the first-degree-assault conviction. In an unreported opinion, the Maryland Court of Special Appeals rejected Manokey's claim that the evidence was insufficient and affirmed his conviction. *Manokey v. State*, No. 1465 (Md. Ct. Spec. App. Nov. 1, 1999). Manokey then pursued his post-conviction remedy (PCR), asserting several grounds for relief and raising his double-jeopardy claim for the first time in any court.[1] The claim stands or falls on

---

[1]The state has not argued that Manokey's failure to raise this claim at trial and in his direct appeal was a procedural default, so we consider the issue as having been waived.

whether first-degree assault and reckless endangerment are one and the same offense for double-jeopardy purposes. If they are, the trial court's grant of the motion for judgment of acquittal on the reckless-endangerment count created a double-jeopardy bar to submitting the first-degree-assault count to the jury. The state PCR court determined that they are not one and the same offense and denied relief on the double-jeopardy claim, as well as on all of Manokey's other claims.[2] Manokey then sought appellate review of the PCR court's ruling. In an unreported per curiam opinion, the Maryland Court of Special Appeals summarily denied Manokey's application for leave to appeal the post-conviction court's denial of relief. *Manokey v. State*, No. 2934 (Md. Ct. Spec. App. Dec. 14, 2001). Within the one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), Manokey filed his § 2254 petition, raising six grounds for habeas relief. The district court granted the writ on the double-jeopardy ground but denied relief on all the other grounds. The state's timely appeal followed. Manokey did not seek a certificate of appealability (COA) and has no appeal before us.

A federal court may not grant habeas relief under § 2254 "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state-court ruling:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[2]Both at the post-conviction hearing and in the order denying post-conviction relief, the PCR court described Manokey's petition as "frivolous." *Manokey v. State*, No. 9610 (Cir. Ct. Dorchester County, Md.) Post-Conviction Hr'g Tr. at 28 (Dec. 7, 2000) and Mem. & Order at 3 (Jan. 4, 2001).

The state PCR court decided the double-jeopardy claim on its merits and held that as a matter of state law, the offenses of first-degree assault and reckless endangerment are not the same. Applying *Blockburger v. United States*, 284 U.S. 299 (1932), the PCR court found that each offense required proof of an element the other offense did not, and therefore the state trial court's granting of the motion for judgment of acquittal on the reckless-endangerment charge did not raise a double-jeopardy bar to Manokey's trial and conviction on the first-degree-assault charge.

Manokey, relying on *Williams v. State*, 641 A.2d 990 (Md. Ct. Spec. App. 1994), contends the PCR court's reading of state law was clearly wrong, and hence the court's application of *Blockburger* resulted in a decision involving an unreasonable application of clearly established federal law. That is the theory on which the district court granted habeas relief. For its part, the state distinguishes *Williams* and argues that the PCR court's determination that first-degree assault and reckless endangerment each required proof of an element that the other did not was a correct statement of Maryland law.

*Williams* is not a double-jeopardy case. Instead, it involves an application of the common-law merger doctrine for purposes of sentencing. As in the present case, in *Williams* the charges arose from the same incident; the defendant had been convicted of both (1) assault with intent to maim and (2) reckless endangerment, and he had been sentenced on each conviction, the sentences to run concurrently. The court, rejecting the contention that the convictions were mutually inconsistent, went on to consider the merger question. After discussing the background of the reckless-endangerment statute, with additional discussion of *actus reus*, *mens rea*, and related matters, the court held that for sentencing purposes the crime of reckless endangerment merged with the crime of assault with intent to maim. Having so held, the court affirmed the sentence for assault with intent to maim (ten years) and vacated the concurrent sentence for reckless endangerment (five years). *Williams* does not say, nor, as far as we know, has any Maryland state court ever said, that the granting of a judgment of acquittal on a reckless-endangerment charge results in a

double jeopardy bar against trial and conviction on either an assault-with-intent-to-maim charge or a first-degree-assault charge.[3]

The *Williams* holding on merger of the two crimes for sentencing purposes thus is not controlling on the double-jeopardy issue presented by Manokey. The question is not whether first-degree assault and reckless endangerment merge as a matter of state law for sentencing purposes when both charges are based on the same incident but whether the granting of a motion for a judgment of acquittal on the reckless-endangerment charge results in a double-jeopardy bar against trial and conviction on the first-degree-assault charge. Under *Blockburger*, the answer depends on whether each crime requires an element of proof the other crime does not. We believe that a proper *Blockburger* analysis of the two crimes supports the state PCR court's denial of Manokey's double-jeopardy claim.

*Williams* itself recognizes that, although the *mens rea* of reckless endangerment may merge with the *mens rea* of assault with intent to maim, making it appropriate to sentence the defendant only on the greater crime, each crime requires proof of a *mens rea* different from the *mens rea* of the other crime. Assault with intent to maim requires proof of a specific intent to inflict physical harm upon the person of another. Reckless endangerment, however, is a lesser charge, requiring only proof of reckless indifference to a harmful consequence. In explaining its merger-for-sentencing-purposes holding, *Williams* goes on to say that "the subjective *mens rea* of reckless indifference to a harmful consequence at a certain point along the rising continuum of

---

[3]Since *Williams* was decided in 1994, the Maryland General Assembly has repealed the statute that established the assault-with-intent-to-maim offense and has replaced it with Md. Code Ann., Crim. Law § 3-202, assault in the first degree, which is the offense of which Manokey was charged and convicted. This newly-defined offense is different in structure and language from the former assault-with-intent-to-maim offense that was before the court in *Williams*, and it quite simply prohibits intentionally causing or attempting to cause serious physical injury to another. But we make little of this because the reasoning of *Williams* still would seem applicable to a merger-for-sentencing-purposes question arising in a case in which the defendant was convicted of violating both § 3-202 and the reckless-endangerment statute.

blameworthiness may ripen into the even more blameworthy specific intent to inflict the harm." *Id.* at 1010. And at that point, the reasoning continues, reckless endangerment merges, for sentencing purposes, into the greater offense of assault with intent to maim. Implicit in this reasoning in the idea that when a single act is sufficient to result in convictions for both offenses, but the victim suffered only a single harm as a result of that act, then as a matter of fundamental fairness there should be only one punishment because in a real-world sense there was only one crime.[4] Though the *Williams* opinion cites *Blockburger*, it does not purport to do a complete *Blockburger*-type analysis of assault with intent to maim and reckless endangerment. Instead, the opinion merely compares the *mens rea* of the two offenses and does not compare other elements of the offenses that might differentiate them for double-jeopardy purposes. The holding of *Williams* is thus a far cry from a holding that the offenses are the same for double-jeopardy purposes.

The state PCR court was aware of *Williams* and did not consider it to control the double-jeopardy analysis that Manokey's claim required it to undertake. *Manokey v. State*, No. 9610 (Cir. Ct. Dorchester County, Md., Dec. 7, 2000) Post-Conviction Hr'g Tr. at 19-25, 27. Instead, the PCR court stated its conclusion that for purposes of applying the *Blockburger* test, "there are different factors to be proven, so far as, first-degree assault and reckless endangerment." *Id.* at 27. We believe that conclusion is entirely correct. Aside from the differences in the *mens rea* of the two crimes that the *Williams* court noted, reckless endangerment requires proof, inter alia, "that a reasonable person would not have engaged in that conduct," referring to "'conduct that created a substantial risk of death or serious physical injury to another.'" *Holbrook v. State*, 772 A.2d 1240, 1247 (Md. 2001) (quoting *Jones v. State*, 745 A.2d 396, 406 (Md. 2000)); *see also* Md. Pattern Jury Instructions-Crim. 4:26A (Reckless Endangerment). Proof of that element is not required for conviction of first-degree assault. On the other hand, first-degree assault requires, among

---

[4]See *Holbrook v. State*, 772 A.2d 1240, 1252 (Md. 2001), where the petitioner argued that for sentencing purposes, his reckless-endangerment convictions should merge with his arson conviction as a matter of "fundamental fairness." The court declined to address this argument because it had not been preserved for appellate review.

other things, proof of all the elements of second-degree assault, which in turn requires proof, inter alia, that "the contact was not consented to by" the victim, an element that was correctly included in the charge to the jury at Manokey's trial. Md. Pattern Jury Instructions-Crim. 4:01 (Second Degree Assault). Proof of this element is required when the assault charged involves a battery, as in Manokey's stabbing of his victim, and is not required for conviction of reckless endangerment. Thus, as the state PCR court held, the Maryland offenses of reckless endangerment and first-degree assault each contain elements not required for conviction of the other.[5]

Having so held, the state PCR court applied the *Blockburger* test, found it satisfied, and concluded that Manokey's double-jeopardy claim must fail. The *Blockburger* test, simply stated, is whether each of the two offenses "requires proof of a different element." *Blockburger*, 294 U.S. at 304. If each requires proof of a different element, then "'an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" *Id.* at 304 (quoting *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871), and noting the Court's previous adoption of this language in *Gavieres v. United States*, 220 U.S. 338, 342 (1911)). *Blockburger* is controlling authority and is the seminal case establishing the federal standard for deciding whether two separate offenses are the same. Manokey sought leave to appeal the state PCR court's denial of post-conviction relief; the Maryland Court of Special Appeals (the same court that several years earlier had issued the *Williams* decision) summarily denied Manokey's application. We believe the state PCR court's double-jeopardy ruling was based upon a correct understanding of Maryland law and was also a correct application of *Blockburger*. At the very least, we cannot say the state PCR court's rejection of Manokey's double-jeopardy claim either was "contrary to, or involved an unreasonable application of, clearly established Federal

---

[5]The opinion of the district court recognizes the existence of these disparate elements but fails to recognize their significance to a correct *Blockburger*-type analysis. *See Manokey v. Waters*, No. CCB-02-1040 (D. Md. May 12, 2003) Memorandum Opinion at 10-11.

law." 28 U.S.C. § 2254(d)(1).[6] Accordingly, we reverse the district court's grant of habeas relief to Manokey on his double-jeopardy claim.[7]

We turn now to a separate matter. Manokey, who is, of course, the appellee here, and who has not obtained a COA on any issue, argues that he is entitled to habeas relief on an alternative ground. He contends the district court erred in holding that a procedural default precluded habeas review of Manokey's claim of ineffective assistance of counsel. Ordinarily, an appellee may defend a judgment on any ground that was raised in the lower court. Federal habeas, however, is different. In a federal habeas proceeding, no claim with respect to which the district court denied relief may be appealed to the court of appeals unless the petitioner obtains a COA. *See* 28 U.S.C. § 2253(c)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement extends to claims that the district court

---

[6]Factual determinations are not at issue in this appeal. Thus § 2254(d)(2) does not come into play.

[7]The state, in a footnote in its brief, appears to suggest another basis for reversal: that the state trial court's dismissal of the reckless-endangerment count was not based on insufficiency of the evidence. Because the state did not develop an argument on this point, I elected not to consider the matter in this opinion. Judge Williams, however, in her concurring opinion has independently explored the matter and has concluded that double jeopardy does not attach inasmuch as the dismissal of the reckless-endangerment count was in fact not based on insufficiency of the evidence. Having studied Judge Williams's concurring opinion, Judge Traxler and I both agree with Judge Williams's conclusion that the dismissal of the reckless-endangerment count was not a judgment of acquittal for purposes of double jeopardy. Judge Traxler also concurs in my conclusion that the first-degree-assault charge and the reckless-endangerment charge are not the same for purposes of double jeopardy. (Judge Williams simply prefers not to reach the "same offense" ground.) Accordingly, my opinion and Judge Williams's concurring opinion each have captured the adherence of at least a majority of the panel; thus each opinion, each on a different ground, operates as a reversal of the district court's grant of habeas relief.

The panel unanimously agrees that the lack of a certificate of appealability precludes our consideration of Manokey's ineffective-assistance claim.

has rejected on grounds of procedural default. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

We are unaware of any decision from this circuit that addresses the question of whether a COA is required when a habeas petitioner, as appellee, seeks appellate review of a rejected claim, but the Second Circuit and the Eighth Circuit have answered this question in the affirmative. *See Jones v. Keane*, 329 F.3d 290, 296-97 (2d Cir.) (holding that habeas petitioner who is appellee, with state appealing district court's grant of habeas relief on one or more grounds, may not seek habeas relief on alternative grounds rejected by district court without obtaining a COA specifying those grounds) (citing *Grotto v. Herbert*, 316 F.3d 198, 209 (2d Cir. 2003) ("[W]e conclude that a habeas petitioner to whom the writ has been granted on one or more grounds may not assert, in opposition to an appeal by the state, any ground that the district court has not adopted unless the petitioner obtains a certificate of appealability permitting him to argue that ground.")), *cert. denied* 124 S. Ct. 804 (2003); *Fretwell v. Norris*, 133 F.3d 621, 623 (8th Cir.) (dismissing habeas petitioner's cross appeal where COA had been denied), *cert. denied*, 525 U.S. 846 (1998). *But see Ramirez v. Castro*, 365 F.3d 755, 762 (9th Cir. 2004) (stating, where habeas petitioner was appellee without a COA, and with no discussion of COA requirement, that "[w]e may affirm the decision to grant a petition 'on any ground supported by the record, even if it differs from the rationale of the district court'") (citations omitted)). We agree with the Second and the Eighth Circuits, and we hold that Manokey's appellate arguments concerning his ineffective-assistance claim cannot be reached in the absence of a COA. In addition, even if we were to consider his appellee's brief as a request for a COA, we would deny the request because he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), with respect to the rejected ineffective-assistance claim. Indeed, Manokey's brief is devoid of any argument whatsoever that would bear on the merits-of-the-claim portion of the *Slack* test for

issuance of a COA on a claim, such as this one, that the district court has denied on procedural grounds. *See Slack*, 529 U.S. at 484.

For the reasons stated, we reverse the order of the district court insofar as it grants habeas relief and remand with instructions to dismiss Manokey's petition.

WILLIAMS, Circuit Judge, concurring in part and concurring in the judgment:

I concur fully in the portion of the majority opinion holding that habeas petitioners must obtain a certificate of appealability to raise alternate grounds for affirming a district court's grant of a habeas writ, and in the majority's judgment that the district court erred in granting a writ of habeas corpus to Manokey in this case. I write separately, however, because I do not believe we must resolve the close question of whether reckless endangerment and first degree assault are the "same offense" within the meaning of *Blockburger v. United States*, 284 U.S. 299 (1932). Even assuming reckless endangerment is a lesser-included offense of first degree assault, I would reverse the grant of habeas relief to Manokey because the trial court did not actually acquit Manokey of reckless endangerment, and, accordingly, Manokey was not "twice put in jeopardy of life or limb." U.S. Const. amend. V. *See* 28 U.S.C.A. § 2254(a) (permitting a circuit judge to grant a writ of habeas corpus only on the ground that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States").

A trial court's ruling constitutes a judgment of acquittal for purposes of double jeopardy "only when it is plain that the [trial court] . . . evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." *United States v. Scott*, 437 U.S. 82, 97 (1978) (internal quotation marks omitted). A reviewing court must independently determine "whether the [trial court's] ruling . . . actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply*, 430 U.S. 564, 571 (1977). In other words, "what constitutes a judgment of acquittal may not be determined simply by

the form or caption of the court's order." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003).[1]

It is clear from the record in this case that the trial court was refusing to charge the lesser-included offense of reckless endangerment, not issuing Manokey a judgment of acquittal. At the close of the state's case, Manokey moved for acquittal on the reckless endangerment charge, arguing that the state had failed to show a substantial risk of death or serious injury. (J.A. at 187.) As defense counsel explained, "[t]his is not like a stab wound to the heart or in the lung." (J.A. at 187.) Manokey renewed this motion at the close of his case. (J.A. at 209.) The trial court, after reiterating that a conviction for reckless endangerment required the state to prove Manokey engaged in conduct that created a substantial risk of harm and that he acted recklessly in doing so, concluded, "I feel that there is evidence that would support a finding that what he did would have been intentional. I'll grant your motion as to reckless endangerment." (J.A. at 209.) Although the trial court purported to grant a motion of acquittal, its analysis does not meet the dictates of *Martin Linen* and *Scott*. Instead, the trial court's ruling is best described as a refusal to give an instruction on a lesser-included offense.

Under Maryland law, a trial court is required to give an instruction on a lesser-included offense charged in the indictment only "so long as it was a permissible verdict generated by the evidence." *Dishman v. State*, 721 A.2d 699, 705 (Md. 1998). Thus, "a defendant is not entitled to a lesser-included offense instruction unless the evidence adduced at the trial provides a rational basis upon which the jury could find him not guilty of the greater offense but guilty of the lesser offense." *Id.* (quoting *United States v. Elk*, 658 F.2d 644, 648 (8th Cir. 1981)). The record makes clear that the trial court's ruling, right or wrong, was a finding that, because the state had entered evidence that

---

[1]For instance, in *Alvarez*, following a mistrial, the district court granted the defense's motion for judgment of acquittal, explaining "there is little likelihood that any jury will ever convict either of the defendants on the charges." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003). We held that this order was not a judgment of acquittal for double jeopardy purposes because the district court "never expressly addressed the sufficiency of the [government's] evidence." *Id.* at 130.

Manokey acted intentionally and Manokey had presented no evidence to the contrary, no jury could find Manokey not guilty of first degree assault but guilty of reckless endangerment.[2]

Accordingly, because the trial court's ruling does not constitute a judgment of acquittal on the reckless endangerment count, the limitations imposed by the Double Jeopardy Clause are not implicated in this case and Manokey cannot show that he is entitled to habeas relief under § 2254(a).

---

[2]Such a reading of the trial court's ruling is buttressed by the trial court's failure to address Manokey's sufficiency of the evidence argument that stabbing an individual all the way through the arm with a butter knife does not create a substantial risk of death or serious injury.