WILLIAMS, Circuit Judge,
concurring in part and concurring in the judgment:
I concur fully in the portion of the majority opinion holding that habeas petitioners must obtain a certificate of appealability to raise alternate grounds for affirming a district court’s grant of a habeas writ, and in the majority’s judgment that the district court erred in granting a writ of habeas corpus to Manokey in this case. I write separately, however, because I do not believe we must resolve the close question of whether reckless endangerment and first degree assault are the “same offense” within the meaning of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Even assuming reckless endangerment is a lesser-included offense of first degree assault, I would reverse the grant of habeas relief to Mano-key because the trial court did not actually acquit Manokey of reckless endangerment, and, accordingly, Manokey was not “twice put in jeopardy of life or limb.” U.S. Const, amend. V. See 28 U.S.C.A. § 2254(a) (permitting a circuit judge to grant a writ of habeas corpus only on the ground that a petitioner is “in custody in violation of the Constitution or laws or treaties of the United States”).
 A trial court’s ruling constitutes a judgment of acquittal for purposes of double jeopardy “only when it is plain that the [trial court] ... evaluated the Government’s evidence and determined that it was legally insufficient to sustain a conviction.” United States v. Scott, 437 U.S. 82, 97, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (internal quotation marks omitted). A reviewing court must independently determine “whether the [trial court’s] ruling ... actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.” United States v. Martin Linen Supply, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). In other words, “what constitutes a judgment of acquittal may not be determined simply by the form or caption of the court’s order.” United States v. Alvarez, 351 F.3d 126, 129 (4th Cir.2003).[1]
It is clear from the record in this case that the trial court was refusing to *775 charge the lesser-included offense of reckless endangerment, not issuing Manokey a judgment of acquittal. At the close of the state’s case, Manokey moved for acquittal on the reckless endangerment charge, arguing that the state had failed to show a substantial risk of death or serious injury. (J.A. at 187.) As defense counsel explained, “[t]his is not like a stab wound to the heart or in the lung.” (J.A. at 187.) Manokey renewed this motion at the close of his case. (J.A. at 209.) The trial court, after reiterating that a conviction for reckless endangerment required the state to prove Manokey engaged in conduct that created a substantial risk of harm and that he acted recklessly in doing so, concluded, “I feel that there is evidence that would support a finding that what he did would have been intentional. I’ll grant your motion as to reckless endangerment.” (J.A. at 209.) Although the trial court purported to grant a motion of acquittal, its analysis does not meet the dictates of Martin Linen and Scott. Instead, the trial court’s ruling is best described as a refusal to give an instruction on a lesser-included offense.
Under Maryland Taw, a trial court is required to give an instruction on a lesser-included offense charged in the indictment only “so long as it was a permissible verdict generated by the evidence.” Dishman v. State, 352 Md. 279, 721 A.2d 699, 705 (1998). Thus, “a defendant is not entitled to a lesser-included offense instruction unless the evidence adduced at the trial provides a rational basis upon which the jury could find him not guilty of the greater offense but guilty of the lesser offense.” Id. (quoting United States v. Elk, 658 F.2d 644, 648 (8th Cir.1981)). The record makes clear that the trial court’s ruling, right or wrong, was a finding that, because the state had entered evidence that Manokey acted intentionally and Manokey had presented no evidence to the contrary, no jury could find Mano-key not guilty of first degree assault but guilty of reckless endangerment.[2]
Accordingly, because the trial court’s ruling does not constitute a judgment of acquittal on the reckless endangerment count, the limitations imposed by the Double Jeopardy Clause are not implicated in this case and Manokey cannot show that he is entitled to habeas relief under § 2254(a).

. For instance, in Alvarez, following a mistrial, the district court granted the defense's *775 motion for judgment of acquittal, explaining "there is little likelihood that any jury will ever convict either of the defendants on the charges.” United States v. Alvarez, 351 F.3d 126, 129 (4th Cir.2003). We held that this order was not a judgment of acquittal for double jeopardy purposes because the district court "never expressly addressed the sufficiency of the [government's] evidence.” Id. at 130.

. Such a reading of the trial court’s ruling is buttressed by the trial court's failure to address Manokey’s sufficiency of the evidence argument that stabbing an individual all the way through the arm with a butter knife does not create a substantial risk of death or serious injury.