**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4035**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

WENDY B. DAUBERMAN,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00040-HEH-2)

Submitted: December 29, 2008     Decided: January 16, 2009

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

I. Scott Pickus, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Sara E. Chase, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendy B. Dauberman appeals her jury conviction and forty-eight month sentence for one count of conspiracy to commit theft of government property, in violation of 18 U.S.C. § 371 (2006); two counts of aiding and abetting the theft of government property, in violation of 18 U.S.C. §§ 2, 641 (2006); and three counts each of aiding and abetting: (i) making false statements affecting Social Security benefits; (ii) concealing and failing to disclose material facts for Social Security benefits; and (iii) representative payee misuse, in violation of 42 U.S.C. §§ 408(a) (2000) and 18 U.S.C. § 2 (2006). Dauberman was convicted along with her son, Crist Dauberman, Jr. ("Crist, Jr."), for their roles in a scheme to fraudulently obtain Social Security Administration ("SSA") and Department of Veterans Affairs ("VA") payments intended for Dauberman's husband, Crist Dauberman, Sr. Finding no error, we affirm.

Dauberman first claims that the district court erred in denying her Fed. R. Crim. P. 29 motions for judgment of acquittal. We review the denial of a Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d

2

210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citations omitted).

We "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). This court may not weigh the evidence or review the credibility of the witnesses. See United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (citations omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

We have reviewed the record and find that the Government's evidence was sufficient to establish that Dauberman conspired to convert and aided and abetted in the conversion of government property in violation of 18 U.S.C. § 641 (2006). United States v. Gill, 193 F.3d 802, 804 n.1 (4th Cir. 1999)

3

(holding that the Government established the defendant intended to steal from the Government because she intercepted the SSA checks, endorsed them, and used the funds for her own benefit, "thus preventing the money from reaching . . . the Government's intended beneficiary").

We also find that Dauberman's convictions for aiding and abetting the concealment of material facts for SSA benefits, aiding and abetting the making of false statements affecting SSA benefits, and aiding and abetting representative payee misuse did not result in her being convicted numerous times for the same crime. It is true that an indictment charging a single offense in several different counts is multiplicitous and subjects a defendant to a risk of multiple sentences for a single offense in violation of the Double Jeopardy Clause. See United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005). It is nonetheless well-established that a defendant may be convicted of separate offenses arising from a single act if each charge requires proof of a fact that the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932); Manokey v. Waters, 390 F.3d 767, 771-73 (4th Cir. 2004). We find that although the different counts all stemmed from the same representative payee reports submitted to the SSA, the convictions about which Dauberman complains required different proof to establish different elements.

4

Moreover, we reject Dauberman's assertion that she could not have committed the crimes pertaining to the SSA benefits because only Crist, Jr. was a representative payee at the time of the acts alleged and, accordingly, only he had an obligation to be truthful to the SSA. As an aider and abettor, Dauberman could be guilty of the crimes with which she was charged regardless of whether she had an independent obligation to be truthful to the SSA. See United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983) ("To prove the crime of aiding and abetting the government must show that the defendant knowingly associated himself with and participated in the criminal venture.").

Based on the foregoing, we affirm the district court's judgment and deny Dauberman's requests to be appointed new appellate counsel, for an order directing her current attorney to return documents to her, and for an extension of time for new appellate counsel to file a reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5