**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4297**

———————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

NATASHA NICOLE NEWBERRY, a/k/a Natasha N. Newberry,

> Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:23-cr-00024-TSK-MJA-1)

———————

Submitted:  November 20, 2025                    Decided:  November 25, 2025

———————

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  L. Richard Walker, First Assistant Public Defender, Angelo Fioravante, Legal Intern, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Daniel L. Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While incarcerated, Natasha Newberry wrote a letter to an acquaintance seeking to obtain drugs that she could sell in prison. A prison official intercepted the letter before it was mailed, and Newberry was subsequently charged with attempting to obtain a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (b)(1). She was convicted following a bench trial. On appeal, Newberry challenges the district court's order denying her Fed. R. Crim. P. 29 motion for a judgment of acquittal. We affirm.

"We review the district court's denial of a Rule 29 motion de novo." *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022). "In doing so, we view the evidence in the light most favorable to the prosecution and decide whether substantial evidence supports the verdict." *Id.* (citation modified). "'Substantial evidence' is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt." *Id.* "Any defendant bringing a sufficiency challenge bears a heavy burden, and reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Smith*, 21 F.4th 122, 140 (4th Cir. 2021) (citation modified).

To convict a defendant of an attempt offense, the Government must prove, inter alia, that "the defendant undertook a direct act in a course of conduct planned to culminate in [her] commission of the crime," and that "the act was substantial, in that it was strongly corroborative of the defendant's criminal purpose." *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003). "A substantial step is more than mere preparation but less, obviously, than completion of the crime." *United States v. Neal*, 78 F.3d 901, 906 (4th Cir. 1996).

2

"To determine whether conduct is preparation or an attempt, a court must assess how probable it would have been that the crime would have been committed—at least as perceived by the defendant—had intervening circumstances not occurred." *Pratt*, 351 F.3d at 136. "[W]hile words and discussions would usually be considered preparations for most crimes, a specific discussion could be so final in nature that it left little doubt that a crime was intended and would be committed." *Id.*

Though just a few hundred words, Newberry's letter outlined in significant detail how she envisioned her scheme unfolding. She asked the intended recipient to hide strips of suboxone, a controlled substance, in the covers of leatherbound books. And she asked him to spray the pages of paperback books with a synthetic drug called K2. Anticipating that the prison would not accept books sent through the mail unless sent by a retailer, Newberry further instructed the intended recipient to buy the books from a brick-and-mortar retailer, secret the drugs inside, and then return to the retailer with a request that it send the books to Newberry.

Newberry asked the intended recipient to send her books once a month. She explained how much money each sale would yield, and she proposed that they split the proceeds equally. She further directed him to use a money transfer application to obtain payments from prospective buyers.

Finally, Newberry emphasized that this was the only letter she intended to send. She assured the intended recipient that she was "clean and clear minded." And if he was unwilling to participate, Newberry asked him to find someone else to help execute her plan.

3

As we have previously observed, "the line between mere preparation and a substantial act done toward the commission of a crime is inherently fact-intensive." *Pratt*, 351 F.3d at 136. Here, after conducting an appropriately fact-intensive analysis, the district court found substantial evidence to support the conclusion that Newberry had taken a substantial step toward obtaining a prohibited object in prison. The court highlighted the amount of logistical and financial details in the letter. The court underscored Newberry's belief that no further correspondence was necessary to pull off her scheme. And the court stressed that Newberry's intent was clear: even if the intended recipient declined her offer, she was dead set on finding someone outside of prison to assist her in smuggling drugs. We fail to see any error in the court's analysis.

On appeal, Newberry offers alternative, more charitable ways to interpret the letter. But the question of how to interpret the evidence is a factual matter for the factfinder to resolve. By contrast, on a Rule 29 motion, the question is whether the Government's evidence is so inadequate that, as a matter of law, no reasonable factfinder could convict the defendant. *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003). Thus, Newberry's attempts to color the evidence do not alter our assessment of the district court's Rule 29 decision.

Newberry also pokes holes in her plan in an effort to show just how half-baked her scheme really was. But the focus was on how Newberry viewed the chances of her plan's success, *see Pratt*, 351 F.3d at 136, not whether her plan was foolproof or foolhardy. And in our view, the district court properly found sufficient evidence that Newberry genuinely believed her plan would succeed but for the letter's interception.

4

In sum, we conclude that the Government produced substantial evidence to support Newberry's conviction, and we therefore affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*