CASANUEVA, Judge.
R. J.W. appeals his delinquency adjudication for committing the offense of providing a false identity to a law enforcement officer contrary to section 901.36(1), Florida Statutes (2003). After the trial court granted R.J.W.’s motion for judgment of dismissal — the equivalent of a motion for judgment of acquittal in adult proceed *358 ings — made at the conclusion of the State’s case, the court allowed the State to reopen its case and submit further evidence. The court ultimately relied on that evidence to find that R.J.W. had committed the charged offense. The trial court’s procedure, R.J.W. contends, violated the Double Jeopardy Clause of the federal and state constitutions. We agree. Because the trial court had effectively acquitted the defendant of this charge, we reverse.
The Double Jeopardy Clause was adopted as protection against multiple prosecutions as well as the threat of them. United States v. Wilson, 420 U.S. 332, 342, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). “The Clause ... guarantees that the State shall not be permitted to make repeated attempts to convict the accused.” United States v. Martin Linen Supply Co., 430 U.S. 564, 569, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). To safeguard and implement that guarantee, a fundamental rule of double jeopardy jurisprudence has emerged: a verdict of acquittal cannot be reviewed without putting a defendant twice in jeopardy. United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).
The Supreme Court discussed the scope of this constitutional protection in Martin Linen Supply, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642, a prosecution for criminal contempt. At the bench trial, the court granted Martin Linen Supply’s motion made pursuant to Federal Rule of Criminal Procedure 29(c), which authorizes a motion for a judgment of acquittal to be made after a verdict of guilty is returned or after the jury is discharged without having returned a verdict. The Court observed that the district court had made it clear that it had “evaluated the Government’s evidence and determined that it was legally insufficient to sustain a conviction”; the district court called it the weakest contempt case the court had ever seen. Id. at 572, 97 S.Ct. 1349. In the face of the Government’s argument that only a jury verdict of acquittal would trigger double jeopardy protection, the Supreme Court held that the district court’s grant of the rule 29(c) motion and concomitant judgment was an acquittal “in substance as well as form.” Id. at 572, 97 S.Ct. 1349. The Court held that the trial court’s judgment triggered the double jeopardy bar against a second trial because the judgment of acquittal plainly concluded the pending prosecution. Id. at 576, 97 S.Ct. 1349.
Recently, the Supreme Court reviewed a claim similar to the one made by R.J.W. here. In Smith v. Massachusetts, — U.S. -, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005), in which the defendant was convicted of possessing a firearm that had a barrel less than sixteen inches, the Court held that the Double Jeopardy Clause forbade the trial judge from reconsidering the grant of a motion for judgment of acquittal — in Massachusetts parlance, a motion for a required finding of not guilty. At the conclusion of the prosecution’s case, the defendant, pursuant to Massachusetts Rule of Criminal Procedure 25(a), moved for a finding of not guilty on the possession of firearm charge. In granting the motion,[1] the trial court explained that there “was ‘not a scintilla of evidence’ that petitioner had possessed a weapon with a barrel length of less than 16 inches.” Id. at 1132-33. After acquitting the defendant on this charge, the trial continued on the others he faced. At the conclusion of the defense case, the prosecutor, who had made no motion to reopen the state’s case, moved to submit the firearm possession count to the jury, citing case precedent. *359 The trial court reversed itself and submitted the firearm possession count to the jury, who then convicted the defendant of this count.
Writing for the Court, Justice Scalia observed that “the Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict.” Id. at 1133. Thus, where “the prosecution has not yet obtained a conviction, further proceedings to secure one are impermissible: ‘[Subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause.’ ” Id. at 1134 (quoting Smalis v. Pa., 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986)).
The first issue the Court analyzed was whether the trial court’s ruling on the rule 25(a) motion constituted a judgment of acquittal. Because the rule requires a trial judge to enter a finding of not guilty where the evidence is legally insufficient to sustain a conviction, the Court concluded that such an order comprised an actual resolution, correct or not, of some or all of factual elements and was, therefore, by definition, an acquittal. Granting a motion and entering an order pursuant to the rule constituted a “substantive determination that the prosecution has failed to carry its burden.” Smith, 125 S.Ct. at 1134.
The Court next considered the more difficult question of whether the Double Jeopardy Clause permitted the trial court to reconsider that ruling after the defendant and his codefendant had rested their eases. The Court concluded:
The Double Jeopardy Clause’s guarantee cannot be allowed to become a potential snare for those who reasonably rely upon it. If, after a facially unqualified midtrial dismissal of one count, the trial has proceeded to the defendant’s introduction of evidence, the acquittal must be treated as final, unless the availability of reconsideration has been plainly established by pre-existing rule or case authority expressly applicable to midtrial rulings on the sufficiency of the evidence. That requirement was not met here.
Id. at 1137. Because Massachusetts at the time had no such rule or case authority allowing reconsideration of midtrial rulings on sufficiency of the evidence adverse to the state, the Court held that Mr. Smith’s double jeopardy rights were violated when the trial court reconsidered its previous ruling, reversed itself, and submitted the firearm charge to the jury. The circumstances of the ease before us fit squarely within the parameters the Court outlined in Smith to merit the protection provided by the Double Jeopardy Clause.
Here, as in Smith, at the close of the State’s case, defense counsel moved for judgment of dismissal on the charge of providing a false identity to a law enforcement officer. Following the State’s response, which did not include a request for a continuance to research an issue or for leave to reopen its case after hearing of its alleged evidentiary deficiencies, the trial court proceeded to rule. The trial court began:
In regard to providing a false name or identity, I do think that the State has got to give me some kind of proof as to what his actual birth date is, like testimony, from the mother or a birth certificate or something, and absent that, I’m going to grant the motion for judgment of acquittal on that one charge of the—
At this point, the State interrupted the trial court’s pronouncement and sought leave to reopen its case to present further evidence; defense counsel immediately objected. Overruling the objection, the court *360 permitted the State to reopen its ease. The State then called the defendant’s mother to establish his correct birth date, which was different from the one he gave to the officer. After the close of all the evidence, the trial court found the defendant committed the offense of providing a false identity to a law enforcement officer.
The applicable rule, Florida Rule of Juvenile Procedure 8.110(k), states:
If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child shall, entel-an order dismissing the petition for insufficiency of the evidence.
Because defense counsel made a motion for judgment of dismissal, the trial court was required to rule and determine the merits of the State’s case at that time because the court was “of the opinion that the evidence [was] insufficient to establish a prima facie case of guilty against the child.”[2] Although the trial court had evidence of the birth date the defendant allegedly gave the police officer, there was no comparison evidence of his correct birth date. The court correctly granted the motion for judgment of dismissal. Therefore, pursuant to Martin Linen Supply, the granting of the motion resolved the factual elements of the offense. The ruling on the rule 8.110(k) motion for judgment of dismissal, like a ruling on a motion pursuant to federal rule 29 or Massachusetts rule 25(a), was a substantive determination that the prosecution failed to carry its burden. Thus, the trial court, in substance and in form, see Martin Linen Supply, 430 U.S. at 572, 97 S.Ct. 1349, acquitted the defendant of the charge.
The next question is whether, after granting the dismissal motion, the trial court had the discretion to allow the State to reopen its ease without violating the Double Jeopardy Clause. To determine whether the initial determination was final, both the record and the language of rule 8.110(k) are instructive.
When the court announced that it was granting the motion for judgment of dismissal, it did not indicate that it was deferring ruling or that its ruling was tentative. If a motion is made by either party, the rule expressly requires that the court enter an order[3] dismissing the petition for insufficiency of evidence where the State fails to establish a prima facie case. Smith allows a contrary outcome if a state has protected itself in these circumstances “against the ‘occasional errors’ of law that ... [are] ‘inevitable]’ in the course of trial ... by rendering midtrial acquittals nonfi-nal.” Smith, 125 S.Ct. at 1137. Rule 8.110(k) does not do so, nor does it provide for reconsideration of orders of acquittal, nor that a midtrial acquittal is nonfinal. Furthermore, we are unable to locate any other such mechanism for reconsideration of acquittals in Florida, and we decline to *361 judicially create one. See Swisher v. Brady, 438 U.S. 204, 216, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978) (“It is for the State ... to designate and empower the factfinder and adjudicator.”). Here, by statute and rule, the trial court is empowered to act as factfinder and adjudicator, but not revisit an acquittal, even if wrongly entered. An acquittal bars the prosecution from seeking “another opportunity to supply evidence that it failed to muster” in the first place. Burks v. United States, 437 U.S. 1, 12, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). In Burks, despite the fact that the defendant had moved for a new trial before appealing, a second trial was barred when the appellate court found the government’s evidence insufficient to support the charge. A second bite at the apple in the same proceeding, as in the case before us, is similarly insupportable.
The trial court’s initial granting of the motion for dismissal was a resolution of factual issues constituting an acquittal; there is no statutory or case law basis to conclude that the acquittal was nonfinal; and the Double Jeopardy Clause precluded the trial court from affording the State a second opportunity to fully prove its case by introducing the necessary but missing evidence. Therefore, we reverse and remand with instructions to enter a dismissal of the charge of providing a false identity to a law enforcement officer in accordance with the trial court’s initial, correct, and dispositive ruling.
Reversed and remanded.
ALTENBERND and SALCINES, JJ„ Concur.

. Massachusetts rule 25(a) requires that when a defendant makes a motion pursuant to the rule at the close of the state's case, the court must rule on it at that time.

. In a close case, which is not the circumstance here, where a trial court is unsure of its opinion on the sufficiency of the evidence, the language of rule 8.110(k) does not preclude the court from reserving a ruling on the defense motion. Such reservation of ruling provides an additional safeguard against a potentially erroneous entry of judgment of dismissal midtrial.

. Rule 8.110(k) makes no distinction about the kind of "order,” written or oral, the trial court must make upon motion for dismissal. Thus, to heed the warning of the Supreme Court in Smith, that midtrial rulings granting acquittals not become a "snare” for the defendant who proceeds upon reliance on those rulings, Smith, 125 S.Ct. at 1137, we deem the trial court’s oral pronouncement here as effective as a written order would have been or a notation in the record.