KITCHENS, Justice,
Dissenting.
¶34. I respectfully disagree with today’s decision that the municipal court order dismissing the misdemeanor DUI charge did not constitute former jeopardy. The majority holds that jeopardy could not have attached because the municipal court judge did not formally receive evidence, but the focus of this analysis is misplaced. The question here is whether the municipal court’s order was a final adjudication on the merits. Because the municipal court order was a final adjudication of the misdemeanor DUI charge, dismissing the *1146 charge for lack of evidence, the State was prohibited from prosecuting Deeds for another DUI charge based on the same alleged conduct.
¶ 35. “[W]hat constitutes an ‘acquittal’ is not to be controlled by the form of the judge’s action. Rather we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.” U.S. v. Martin Linen Supply Co., 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (citations omitted). “[A] judgment that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal for purposes of the Double Jeopardy Clause.” Smalis v. Pennsylvania, 476 U.S. 140, 142, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986) (citations omitted).
¶ 36. The majority finds that the municipal order dismissing the DUI charge “do[es] not contain any findings of the court; rather, the court merely records the reasons that the prosecutor gave for not proceeding to trial on the DUI charge.” Maj. Op. at 11 (footnote omitted). I respectfully disagree: the clear and unambiguous language of the order, to which the prosecution and defense unequivocally agreed, indicates that the DUI charge was dismissed because the State could not produce any evidence to support the charge:
This cause came on to be heard on the charge of DUI-lst and no proof of insurance. The City was unable to proceed on the prosecution of the DUI-lst charge due to the factual circumstances of the case. The Defendant was in an accident and was air-lifted to the Med in Memphis, TN. The officers on the scene could not conduct any field sobriety tests due to the Defendant’s injury and trapped in vehicle. Defendant was immediately air-lifted — unconscious. Blood was taken at Med. Defendant asserts and objects to admissibility under Section 63-11-7 MCA. City cannot prove anything by extrinsic facts.
(Emphasis added.) The foregoing was handwritten in the body of the order of dismissal. From this language in the court’s order, we know: (1) the only evidence the city had to prove the DUI charge was the result of the blood alcohol test; (2) the defendant objected to the admissibility of the test result based on Mississippi Code Section 63-11-7; (3) the prosecution did not oppose this objection; and (4) when the blood test result was ruled inadmissible, the city had insufficient evidence to support a conviction for the misdemeanor DUI charge.[9] With the prosecution’s in-court acknowledgment that it was unable to prove its case, the trial judge entered a final judgment of dismissal. This is abundantly clear from the plain language of the municipal court judge’s order.
¶ 37. This judgment was entered on a standard form with blanks provided for sentencing details such as fines, court costs, fees, and jail time. The defendant was fined $100 for his conviction of the offense of no proof of insurance, but the number zero is entered in the blank provided for the fine on the DUI charge. The form also lists eight options for disposition of the charges: (1) accepts a plea of guilty to the charge(s); (2) found the Defendant guilty of the charge(s); (3) found the defendant not guilty of the charge(s); (4) accepted a recommendation of the City Prosecutor for_; (5) accepted no contest plea; (6) remanded to file; (7) other; *1147 and (8) non adjudicated. The space beside “other” is clearly marked, and next to it is a handwritten notation, “Dismiss DUI.” Had the prosecution simply chosen not to proceed with its case, as the majority asserts, the order could have stated that the charge was “remanded to file” or “non adjudicated.” However, “other” is marked, and the order is clear that the charge was dismissed for insufficient evidence. The prosecution did not nolle pro-sequi this charge. It dismissed it.
¶ 88. The majority says that the handwritten comments on the form were from the municipal court judge, but the defendant asserted in a hearing before the circuit court that the city prosecutor filled out the form and wrote the comments. Regardless, the trial judge signed the order and the prosecutor, the defendant and the defendant’s attorney all signed the form as “approved.” In other words, all parties and the judge agreed that the prosecution was unable to prove its DUI case on the day that it was set for trial. When the judge signed and filed the order, the case was over.
¶ 39. Of course, despite the unanimous understanding of the parties and the municipal court judge, we know that, following this Court’s reasoning from two decades ago, the prosecutor and the municipal judge were mistaken. The blood alcohol test result actually would have been admissible. Although Mississippi Code Section 63-11-7 plainly provides that the result of a blood alcohol test of blood drawn from an unconscious person cannot be used as evidence against that person without his or her consent, this Court has held that such evidence is admissible. Whitehurst v. State, 540 So.2d 1319 (Miss.1989). Yet, even when a dismissal is based on an erroneous legal conclusion, the acquittal will bar subsequent prosecutions. Sanabria v. U.S., 437 U.S. 54, 63-64, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (“[Wjhen a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous.”)
¶ 40. Despite the majority’s attempts to equate the municipal court order with the dismissal of an indictment, the order is undoubtedly a final and valid judgment that the available evidence was insufficient to support a conviction, and the dismissal of the charge constitutes an acquittal for double jeopardy purposes. Smalis, 476 U.S. at 142, 106 S.Ct. 1745. That the prosecutor agreed that the evidence was insufficient before formally presenting any evidences does not matter for double jeopardy purposes. It cannot seriously be argued that Deeds was not placed in jeopardy when he appeared before the municipal judge for trial. Deeds’s DUI case was set for trial in the court in which the charge was pending. He appeared in that court, at the appointed time, with his attorney, to answer to that charge. When the case was called, the prosecutor informed the court that the city was unable to proceed because of insufficient evidence, and, along with defense counsel and the defendant, he acknowledged that he did not believe he had a viable case by signing a detailed court order to that effect. That agreed order was presented to the presiding judge, who signed it. It was duly filed with the court clerk. One can readily glean from that order that the DUI charge against Deeds was, then and there, fully and finally dismissed; Deeds was acquitted of DUI. Neither the State of Mississippi nor this Court can constitutionally resuscitate that DUI charge. Accordingly, I respectfully dissent.
GRAVES, P.J., AND CHANDLER, J„ JOIN THIS OPINION.

. The majority says that "there is nothing in the record to show that the municipal judge ruled on the admissibility of the blood test results.” But, when the municipal court’s order is considered as a whole, it is clear that the judge concluded that the blood test result was inadmissible.