CAVANAGH, J.
(concurring). I concur in the result only. I agree that retrial is barred by the double jeopardy clauses of the state and federal constitutions because the trial court’s directed verdict of acquittal was based on its determination that there was insufficient evidence to support the charge. A court’s “ruling that as a matter of law the State’s evidence is insufficient to establish [the defendant’s] factual guilt” is “ ‘a resolution, correct or not, of some or all of the factual elements of the offense charged,’ ” and, thus, constitutes an acquittal to which double jeopardy protections attach. Smalis v Pennsylvania, 476 US 140, 144, 144 n 6; 106 S Ct 1745; 90 L Ed 2d 116 (1986) (citation omitted). See also People v Nix, 453 Mich 619, 625; 556 NW2d 866 (1996). Whether the trial court erred in its interpretation of the elements of the crime is irrelevant; “[t]he status of the trial court’s judgment as an acquittal is not affected” by a trial court’s legal error in *728 interpreting the governing legal principles because “ ‘[t]he fact that “the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles” . . . affects the accuracy of that determination but it does not alter its essential character.’ ” Smalis, 476 US at 144 n 7, quoting United States v Scott, 437 US 82, 98, 106; 98 S Ct 2187; 57 L Ed 2d 65 (1978), and citing Sanabria v United States, 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978), and Arizona v Rumsey, 467 US 203; 104 S Ct 2305; 81 L Ed 2d 164 (1984).[1] See also Nix, 453 Mich at 624-632.[2] As the *729 United States Supreme Court recently affirmed, “any contention that the Double Jeopardy Clause must itself . .. leave open a way of correcting legal errors is at odds with the well-established rule that the bar will attach to a preverdict acquittal that is patently wrong in law.” Smith v Massachusetts, 543 US 462, 473; 125 S Ct 1129; 160 L Ed 2d 914 (2005). Therefore, I agree that the Court of Appeals should be reversed and the trial court’s directed verdict of acquittal should be reinstated.
KELLY, C.J., concurred with CAVANAGH, J.

 Although the United States Supreme Court has held that a trial court’s legal error in a judgment notwithstanding a verdict, made after a jury trial, may be appealed because the jury verdict can be reinstated without subjecting the defendant to postacquittal factfinding proceeding, Smalis, 476 US at 145, and that retrial is permitted when the acquittal was based on a procedural error unrelated to the defendant’s factual guilt or innocence, Scott, 437 US at 98-99, the Court has never held that a trial court’s preverdict acquittal on the merits may be reversed because of a legal error. Indeed, as noted, it has repeatedly stated the opposite.

 I disagree with the majority’s implication, in dicta, that Nix is not compelled by United States Supreme Court precedent. The majority fails to acknowledge or address that court’s repeated statements that jeopardy attaches not only when an acquittal is based on an erroneous evidentiary ruling but also when it is based on “erroneous interpretations of governing legal principles.” Smalis, supra, 476 US at 144 n 7 (citation and quotation marks omitted). An error in an interpretation of statutory requirements or elements necessary for a crime constitutes an erroneous interpretation of a governing legal principle. See, e.g., Rumsey, 467 US at 211. Thus, United States Supreme Court precedent does govern this case.
Further, the majority’s discussion of whether the errors in certain cases should be characterized as evidentiary errors is irrelevant because, as discussed, the United States Supreme Court has repeatedly stated that jeopardy attaches to an acquittal on the merits regardless of either evidentiary errors or erroneous interpretations of governing legal principles. I note, however, that I disagree that the error in Rumsey was evidentiary because it clearly related to the proper interpretation of the statute’s requirements and not the evidence required to satisfy that interpretation. Under the majority’s expansive understanding of what constitutes an “evidentiary” error, the alleged error in this case is also *729 evidentiary because it relates to whether the prosecution needed to present evidence of a sexual purpose to satisfy the statute.