# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>         v.<br><br>ABRAHAM REYES-ROJAS,<br><br>                Appellant. | DIVISION ONE<br><br>No. 80137-6-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Abraham Reyes-Rojas appeals from two judgments and sentences entered on jury verdicts finding him guilty of unlawful imprisonment, three counts of fourth degree assault, and third degree malicious mischief, each as a domestic violence crime. Reyes-Rojas raises three issues on appeal. First, he argues that community custody supervision fees imposed as part of the felony judgment and sentence are discretionary legal financial obligations (LFOs) that must be stricken because he is indigent. Second, he argues, and the State concedes, that both judgments and sentences include scrivener's errors incorrectly reciting the crime dates, which must be corrected. Third, he argues that the trial court orally dismissed one of the charges (count four) at the close of the State's case for insufficient evidence, entitling him to a remand to enable the trial court to enter a written order formally dismissing the charge with prejudice. We agree with Reyes-Rojas on all of these grounds for relief. Accordingly, we remand to the trial court to strike the supervision fees, correct the scrivener's errors, and enter a written order dismissing count four with prejudice.

I

The State charged Reyes-Rojas with first degree kidnapping, two counts of second degree assault, two counts of third degree malicious mischief, and fourth degree assault.  Each of these six charges included a domestic violence allegation that the crime was committed against Reyes-Rojas's former girlfriend.

In May 2019, a jury trial took place.  When the State rested, the trial court noted, outside the jury's presence, that the State had essentially abandoned count four – one of the third degree malicious mischief charges regarding a cell phone.  The State confirmed that "based on the evidence," it could not prove count four beyond a reasonable doubt.  The State thus moved to dismiss count four.  The court suggested that because the jury had already been told there were six counts, it might be "clearer" to leave the counts as they were, instead of having a new amended information, and explain to the jury that count four had been dismissed and was no longer before them.  Neither party objected.  In an oral ruling, the court granted the State's motion to dismiss and explained the situation to the jury as intended.  The court did not enter a written order dismissing count four.  Reyes-Rojas testified in his defense.  The jury found him guilty of unlawful imprisonment, three counts of fourth degree assault, and third degree malicious mischief, all as domestic violence crimes.

At sentencing, the trial court entered two judgments and sentences:  one for the felony conviction for unlawful imprisonment and the other for the gross misdemeanor convictions for fourth degree assault and third degree malicious mischief.  On the felony conviction, the court imposed 10.5 months of

2

confinement and 12 months of community custody. On the gross misdemeanor convictions, the court imposed 244 days with 120 days suspended on condition that Reyes-Rojas complete 24 months of probation, running concurrently with the 12-month community custody. The court ordered the sentences to run concurrently.

As for financial obligations, Reyes-Rojas asked the court to "waive anything that's not mandatory" because of his "very limited means to pay for anything right now." The court agreed that Reyes-Rojas was facing "real financial challenges." The court stated it would "find him indigent and really only order these mandatory minimums, which is the $500 victim penalty assessment and the $100 DNA fee." "Just the $500 and the $100 DNA fee, plus if there is any restitution." But the felony judgment and sentence included preprinted language requiring Reyes-Rojas to pay community custody supervision fees as determined by the Department of Corrections.

II

Reyes-Rojas argues that the community custody supervision fees imposed as part of his felony judgment and sentence are discretionary LFOs and must be stricken because he is indigent. The State does not dispute that Reyes-Rojas was indigent but argues that this court should decline to address the issue because he did not object to the discretionary LFOs at sentencing. But Reyes-Rojas did ask the trial court to "waive anything that's not mandatory" because of his limited ability to pay. The trial court found him indigent and stated it would impose "only" the mandatory $500 victim assessment and $100 DNA fee. The

3

State did not ask the court to impose community custody supervision fees. The State confirmed: "Should the Court find that the defendant is indigent, only the $500 victim penalty assessment fee and the $100 DNA fee would be required and not waivable." Thus, Reyes-Rojas had no reason to object to the supervision fees the State did not request and the court indicated it would not impose. Further, conditions of community custody may be challenged for the first time on appeal. State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). The record is sufficient for us to address the LFO issue.

Under RCW 10.01.160(3), as amended effective June 7, 2018, trial courts may not impose discretionary LFOs on defendants who are indigent at the time of sentencing. See RCW 10.01.160(3) ("The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent."); State v. Ramirez, 191 Wn.2d 732, 738, 426 P.3d 714 (2018) ("House Bill 1783's amendments relate to Washington's system for imposing and collecting LFOs and are effective as of June 7, 2018."). Reyes-Rojas was sentenced on June 12, 2019, so the statutory prohibition applied. The trial court found Reyes-Rojas indigent.

"*Unless waived by the court*, . . . the court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of Corrections]." RCW 9.94A.703(2)(d) (emphasis added). Following Division Two's opinion in State v. Lundstrom, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018) ("costs of community custody . . . are discretionary LFOs"), review denied, 193 Wn.2d 1007 (2019), we held that community custody supervision fees are discretionary LFOs

that may not be imposed on indigent defendants. State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2020) ("Since the supervision fees are waivable by the trial court they are discretionary LFOs."), review denied, 195 Wn.2d 1022 (2020). In Dillon, the requirement to pay supervision fees was not located under the LFO section in a judgment and sentence but was "buried in a lengthy paragraph on community custody." Dillon, 12 Wn. App. 2d at 152. We ordered a remand to strike the supervision fees because the record showed the trial court intended to waive all discretionary LFOs but inadvertently imposed the supervision fees "because of its location in the judgment and sentence." Dillon, 12 Wn. App. 2d at 152.

Here, the requirement to pay supervision fees, like the one at issue in Dillon, is not located in the LFO section of the felony judgment and sentence but is buried in a lengthy paragraph on community custody. The record shows the trial court intended to impose only the "mandatory minimums" of a $500 victim assessment and a $100 DNA fee while waiving all discretionary LFOs. The record sufficiently indicates that the sentencing court inadvertently imposed the supervision fees.

The State argues that the community custody supervision fees are not "costs" subject to the prohibition on imposing discretionary costs on indigent defendants under RCW 10.01.160(3). We disagree. The community custody fees are discretionary LFOs whether or not they fall within the definition of "costs" under RCW 10.01.160. The legislature—through House Bill 1783—and our Supreme Court have made it clear that discretionary LFOs should be waived for

5

an indigent defendant.

Following <u>Dillon</u> and <u>Lundstrom</u>, we remand to the trial court to strike the community custody supervision fees from the felony judgment and sentence.

III

Reyes-Rojas argues, and the State concedes, that both judgments and sentences include scrivener's errors reciting incorrect crime dates. The felony judgment and sentence incorrectly recites the dates of the crime as January 7 to 8, *2018*, instead of January 7 to 8, *2019* as identified in the charging document and the to-convict instruction. The judgment and sentence for the gross misdemeanor convictions also incorrectly recites the dates for counts two and three as January 7 to 8, 2018, instead of January 7 to 8, 2019, and the dates for count five as January 7 to 8, 2018, instead of January 1, 2019. Both parties agree that these are scrivener's errors.

The remedy for clerical or scrivener's errors in a judgment and sentence is a remand to the trial court to correct the errors. <u>In re Pers. Restraint Petition of Mayer</u>, 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005). We accept the State's concession and remand to the trial court to correct the scrivener's errors.

IV

Reyes-Rojas argues that the trial court failed to enter a written order when dismissing count four on the State's motion at the close of the State's case for insufficient evidence. He argues that we should remand the cause to the trial court for entry of a written order formally dismissing count four with prejudice. The State counters that the issue is not ripe because the State presently has no

intent to refile the charge. The State argues that the trial court made no finding that the dismissal was for insufficient evidence. The State argues that Reyes-Rojas has not briefed whether the State would be barred from refiling the charge by the mandatory joinder rule of CrR 4.3.1 as a "related offense." We agree with Reyes-Rojas and reject the State's arguments.

Under the double jeopardy clause, no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Dismissal of a charge during trial at the close of the State's case for insufficient evidence is equivalent to "acquittal" for purposes of the double jeopardy clause, which forbids post-acquittal fact-finding proceedings. See Smalis v. Pennsylvania, 476 U.S. 140, 144-46, 106 S. Ct. 1745, 90 L. Ed. 2d 116 (1986); see also Burks v. United States, 437 U.S. 1, 11, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978) ("The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.").

The dismissal of count four (third degree malicious mischief charge regarding a cell phone) was for insufficient evidence. The State moved to dismiss the charge, stating that based on the evidence it presented, it had no good faith basis to prove the elements of the charge beyond a reasonable doubt:

> At the conclusion of the State's case, *based on the evidence almost exclusively put forth by [the alleged victim], I no longer have a good faith basis that I can meet the elements of that particular charge beyond a reasonable doubt* given her statement that she permitted him to break her phone or wanted him to break her phone. That was the count that was representative of that specific conduct. So, *on that basis*, I am moving to dismiss count four.

7

(Emphasis added.)

The trial court granted the State's motion by accepting the State's concession that the evidence was insufficient to prove the charge beyond a reasonable doubt. In the interests of clarity, a remand is appropriate to enable the entry of a written order formally dismissing count four with prejudice. See State v. Collins, 112 Wn.2d 303, 308, 771 P.2d 350 (1989) ("To serve the ends of certainty, reliance on the final written court order or written journal entry to determine the finality of a ruling is the better rule.").

Therefore, we remand to the trial court to strike the community custody supervision fees, correct the scrivener's errors regarding the crime dates, and enter a written order dismissing count four with prejudice.

_____ Dwyer, J.

We concur:

_____     _____
                              Mann, C.J.